## Ex Parte SNELLING.

LICENSE TO PRACTICE AS AN ATTORNEY. — An applicant to the Supreme Court, for license to practice as an attorney, *may* be examined as to his professional qualifications, even if he has been admitted to practice in the Supreme Court of the United States, in the Courts of a sister State, or of the District of Columbia.

IDEM.—An applicant cannot be admitted to practice in the Supreme Court, without personally appearing in Court.

THE facts are stated in the opinion.

By the Court, WALLACE, C. J.:

An application is made on behalf of Mr. Snelling, he not personally appearing in Court, that he be admitted to practice.

The application is based upon a license showing. that he has been admitted to practice in all the Courts of the State of Oregon, and satisfactory evidence of good moral character.

The first rule of the Court requires that the applicant must personally appear in Court at the time the motion for his admission is made. We are urged to depart from the requirement of the rule in this instance, because of a physical injury sustained by the applicant which temporarily prevents his personal appearance in Court. Similar applications made heretofore have been denied.

The statute concerning attorneys and counselors at law, in furtherance of which the rule in question was made, regulates with great strictness the method in which attorneys are to be admitted. Satisfactory testimonials of good moral character are in all cases required, and in general a strict examination as to professional qualifications is exacted. It is made the absolute duty of the Court to make this examination in all cases in which the applicant has not been admitted in the Courts of a sister State, or of the Supreme Court of the United States, or in that of the District of Columbia.

But even in case the applicant has been admitted in one of those Courts the statute has provided that the Court may examine him as to his qualifications.

It becomes, therefore, the duty of the Court to determine, even in a case where the application for admission is based

upon a license from one of the enumerated Courts, whether or not the applicant shall be first examined in open Court.

It is obvious that without the personal presence of the applicant but little if any opportunity would be afforded for a satisfactory determination in this respect, and if in a given case we should in our discretion determine that an examination of the applicant should first take place, such examination could not be proceded with in his absence.

We think that this provision of the statute fairly imports of itself that the applicant must be personally present, and in this view we cannot, of course, dispense with the statute, even if we were disposed to relax the rule made by ourselves, which we are not.

Application denied.